BLACKMORE *v.* THOMPSON.

CANCELLATION OF INSTRUMENTS — DEEDS — INCOMPETENCY OF GRANTOR.

On a bill to set aside a deed on the ground of incompetency of the grantor, evidence examined, and *held*, to show that the deed was the intelligent act of the grantor.

Appeal from Lapeer; Dodds, J., presiding. Submitted June 20, 1907. (Docket No. 43.) Decided October 4, 1907.

Bill by Ellis Blackmore and others against George E. Thompson to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*Stickney & Reed*, for complainants.

*Elmer Shumar* and *Geer, Williams & Halpin* for defendant.

OSTRANDER, J. Leonidas Dickerson died after noon and before one o'clock on Monday, July 17, 1905, from injuries received late in the afternoon of the previous Saturday. A horse had kicked a pitchfork, driving the fork handle against his side, producing, probably, a rupture of the liver and other internal injuries. Between nine and ten o'clock, on Monday, he executed a deed of land, running to defendant, an infant. Complainants are decedent's heirs at law. The single question raised by the pleadings is whether this deed was intelligently executed and delivered. The case is not free from difficulty, and if all that decedent did concerning the disposition of his property was to be referred to the point of time when he executed the conveyance a different conclusion might be required. Apart from the effects of the injury he had suffered, the integrity of the mental processes of decedent

is not disputed. The undisputed evidence is that he learned on Sunday morning from his physician that his injuries were fatal, told the physician that he "wanted some one out there to fix up his property," and named a scrivener of Imlay City, whom the physician undertook to get and failed because he was not at home. The physician sent no one else because, as he testifies, he did not expect him to collapse so soon. On Monday morning, decedent requested a neighbor to go for a scrivener "to draw some papers," naming the one who drew the deed. This man, a banker and an old acquaintance, with a friend, drove to the farm, witnessed the execution of the deed, and the banker made the notarial certificate. It is therefore clear that after he learned the character and probable consequences of his injury, and at a time when it is agreed he was competent to do so, decedent determined to make some disposition of this land before he died. It is not charged that he was in any manner influenced by others or by another. It is claimed that before the scrivener arrived he was so near death that he could not intelligently make known or conclude what he proposed to do. The testimony concerning his condition during Monday forenoon is, in some respects, sharply conflicting. The attending physician, who came while the deed was being drawn, the nurse, who arrived shortly after and who met the scrivener some half mile from the house on his return to Imlay City, gave testimony tending to prove that decedent was not conscious when the deed was executed. He did not write his name upon the deed but made his mark, although when in health he was able to write. On the other hand, the witnesses to the deed, while admitting the desperate condition of decedent, are positive in their testimony of his intelligence and of the directions which he gave, with which directions the deed corresponds; they assert that he called for a second reading of the description of the land and that he at first talked of also having a life lease of the property made from his grantee to himself. These witnesses are appar-

ently disinterested. Decedent was a bachelor, 68 years old. He had lived in the family of defendant for 14 years. His farm adjoined the Thompson farm and the two farms had been worked together. He had, before he was injured, expressed the purpose to leave the farm to defendant. A careful analysis of the testimony has convinced me that the conveyance was the intelligent act of Mr. Dickerson. The trial judge, who saw the witnesses, reached the same conclusion and entered a decree dismissing the bill of complaint. The decree is affirmed, with costs to appellee.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.